UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MLB PLAYERS INC.,

            Plaintiff,

v.

UNDERDOG SPORTS, INC., d/b/a
Underdog Fantasy, UNDERDOG SPORTS,
LLC, UNDERDOG SPORTS
WAGERING, LLC, and FANDUEL INC.

            Defendants.

Case No. 1:24-cv-7958-RA

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO REMAND</u>**

**TABLE OF CONTENTS**

                                                                                                                                             **Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| | A. The Nature of Plaintiff's Claim | 1 |
| | B. Procedural History | 2 |
| III. | LEGAL STANDARD | 4 |
| | A. Removal and Remand | 4 |
| | B. Federal Question Jurisdiction | 5 |
| IV. | ARGUMENT | 6 |
| | A. This Court Does Not Have Jurisdiction Over MLBPI's Claim | 6 |
| |     1. MLBPI's Claim Against Underdog Is Not Preempted, and Underdog Has Not Attempted to Satisfy Its Burden of Proving Otherwise | 6 |
| |     2. Even If Underdog Had Advanced the Preemption Arguments that FanDuel Made, Those Arguments Would Still Fail | 8 |
| | B. Even If This Court Ever Had Subject Matter Jurisdiction Over the Now-Dismissed Claim Against FanDuel (It Did Not), the Court Should Exercise Its Discretion to Remand MLBPI's Claim Against Underdog | 10 |
| V. | CONCLUSION | 11 |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allis-Chalmers Corp. v. Lueck*,
　471 U.S. 202 (1985) ............................................................................................................... 10

*Arancio v. Prudential Ins. Co. of Am.*,
　247 F. Supp. 2d 333 (S.D.N.Y. 2002) ..................................................................................... 7

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
　373 F.3d 296, 305 (2d Cir. 2004) ............................................................................................ 9

*Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*,
　2013 WL 822173 (S.D.N.Y. Mar. 6, 2013) ............................................................................. 8

*Capital2Market Consulting, LLC v. Camston Wrather, LLC*,
　2023 WL 2366975 (S.D.N.Y. Mar. 6, 2023) ........................................................................... 6

*Caterpillar Inc. v. Williams*,
　482 U.S. 386 (1987) ................................................................................................................. 5

*Chu v. Chinese-Am. Plan. Council Home Attendant Program, Inc.*,
　194 F. Supp. 3d 221 (S.D.N.Y. 2016) ................................................................................... 10

*Colacino v. Davis*,
　2020 WL 3959209 (S.D.N.Y. July 13, 2020) ......................................................................... 4

*Gondolfo v. Town of Carmel*,
　2021 WL 431148 (S.D.N.Y. Feb. 8, 2021) ............................................................................. 6

*Hudson Furniture, Inc. v. Mizrahi*,
　2023 WL 6214908 (S.D.N.Y. Sept. 25, 2023) ........................................................................ 8

*IKB Int'l S.A. v. JPMorgan Chase & Co.*,
　2014 WL 2933043 (S.D.N.Y. June 27, 2014) ......................................................................... 7

*In re Jackson*,
　972 F.3d 25 (2d Cir. 2020) ....................................................................................................... 9

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*,
　500 U.S. 72 (1991) ................................................................................................................... 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
　511 U.S. 375 (1994) ................................................................................................................. 5

*Landham v. Lewis Galoob Toys, Inc.*,
　227 F.3d 619 (6th Cir. 2000) ................................................................................................... 8

*Maguire v. A.C. & S., Inc.*,
    73 F. Supp. 3d 323 (S.D.N.Y. 2014) ...........................................................................................11

*McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*,
    857 F.3d 141 (2d Cir. 2017)..........................................................................................................5

*Medina v. Waste Connections of N.Y.*,
    2019 WL 5593307 (S.D.N.Y. Oct. 29, 2019)..............................................................................10

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
    488 F.3d 112 (2d Cir. 2007)..........................................................................................................4

*Molina v. Phx. Sound Inc.*,
    747 N.Y.S.2d 227 (N.Y. App. Div. 1st Dep't 2022) ....................................................................8

*Montefiore Med. Ctr. v. Teamsters Local 272*,
    642 F.3d 321 (2d Cir. 2011)..........................................................................................................6

*Okeke v. N.Y. & Presbyterian Hosp.*,
    275 F. Supp. 3d 470 (S.D.N.Y. 2017)........................................................................................10

*Pan Atl. Grp., Inc. v. Republic Ins. Co.*,
    878 F. Supp. 630 (S.D.N.Y. 1995) ...............................................................................................6

*Passelaigue v. Getty Images (US), Inc.*,
    2018 WL 1156011 (S.D.N.Y. Mar. 1, 2018)................................................................................8

*Pensado v. Makhdomi*,
    2011 WL 1899717 (S.D.N.Y. May 12, 2011) .............................................................................7

*Rakowicz v. ABM Indus. Grps., LLC*,
    2024 WL 3534407 (S.D.N.Y. July 25, 2024)......................................................................... 5, 6

*Red Apple Media, Inc. v. Batchelor*,
    2024 WL 1504439 (S.D.N.Y. Apr. 8, 2024) ................................................................................8

*Sara v. Talcott Resol. Life. Ins. Co.*,
    2022 WL 19182 (S.D.N.Y. Jan. 3, 2022) .....................................................................................4

*Shepard v. European Pressphoto Agency*,
    291 F. Supp. 3d 465 (S.D.N.Y. 2017)..........................................................................................8

*Smith v. Anchor Packing Co.*,
    2008 WL 4899258 (S.D.N.Y. Nov. 12, 2008) ....................................................................... 7, 11

*Syngenta Crop Prot., Inc. v. Henson*,
    537 U.S. 28 (2002) .......................................................................................................................4

*Toney v. L'Oreal USA, Inc.*,
    406 F.4d 905, 908–09 (7th Cir. 2005) ............................................................................. 8

*Yantha v. Omni Childhood Ctr., Inc.*,
    2013 WL 5327516 (E.D.N.Y. Sept. 20, 2013) ................................................................. 9

*Young v. Pfizer, Inc.*,
    2004 WL 2998517 (S.D.N.Y. Dec. 27, 2004) .................................................................. 5

**Statutes**

17 U.S.C. § 102 ........................................................................................................................ 8

17 U.S.C. § 103 ........................................................................................................................ 8

28 U.S.C. § 1331 ................................................................................................................. 3, 5

28 U.S.C. § 1332 ..................................................................................................................... 5

28 U.S.C. § 1337 ..................................................................................................................... 3

28 U.S.C. § 1338 ..................................................................................................................... 3

28 U.S.C. § 1367(a) ............................................................................................................... 10

28 U.S.C. § 1441(a) ................................................................................................................. 4

28 U.S.C. § 1446(b) ........................................................................................................ 3, 4, 7

28 U.S.C. § 1447(c) ................................................................................................................. 5

New York Civil Rights Law § 50 ...................................................................................... 2, 10

New York Civil Rights Law § 51 ......................................................................................... 10

I.   **INTRODUCTION**

This action is presently before the Court because one defendant—FanDuel Inc. (hereinafter, "FanDuel")—removed it. It was and is the position of Plaintiff MLB Players Inc. (hereinafter, "MLBPI") that FanDuel's removal was improper, that this Court lacks subject matter jurisdiction, and that the case must be remanded. MLBPI and FanDuel, however, have since stipulated to a dismissal of MLBPI's claim against FanDuel.[1] Underdog Sports, Inc., Underdog Sports, LLC, and Underdog Sports Wagering, LLC (collectively, "Underdog") thus remain the lone defendants. But Underdog did not remove the action, did not join FanDuel's removal, and has made no showing that removal was proper. Moreover, Underdog is situated differently than FanDuel, such that even if FanDuel's Copyright Act preemption argument had merit as to FanDuel (it did not), that assertion has no application to Underdog. The action should be remanded.

II.  **STATEMENT OF FACTS**

   A.   **The Nature of Plaintiff's Claim**

MLBPI is the corporate subsidiary of the Major League Baseball Players Association (hereinafter, "MLBPA"), which represents Major and Minor League baseball players in collective bargaining with Major League Baseball ("MLB") and in other matters affecting those players' working terms and conditions with MLB teams. Dkt. 1-5 ¶ 11. As assignee of the right to use the names, images, and likenesses ("NIL") of three or more Major League players (hereinafter, "Players") in a calendar year, MLBPI has the exclusive right to negotiate and enter into group licensing agreements with companies throughout the world to authorize certain uses of Players' group licensing rights in commercial products and sponsorships. *Id.* ¶¶ 11, 26–27.

---

[1] *FanDuel Settles MLB Lawsuit Over Use of Player Likenesses*, ABC NEWS (Nov. 15, 2024), available at https://abcnews.go.com/Sports/fanduel-settles-mlb-lawsuit-player-likenesses/story?id=115909241 (reporting that a FanDuel spokesperson said FanDuel has signed a confidential licensing agreement to use Player rights).

1

Underdog is a gambling company that offers, among other products, sportsbook betting and daily fantasy sports, which are available online and through its mobile application that allows users to place bets on virtually any professional sport or athlete in states where such betting is legal. *Id.* ¶ 13.

Since early 2024, Underdog has—without a necessary license from MLBPI—featured dozens of Players' images prominently throughout its online and mobile betting platform. *Id.* ¶ 5. Indeed, nearly every active Player's image is displayed on Underdog's website and mobile app. *Id.* ¶¶ 5, 28. In addition, Underdog prominently features—again, without authorization—Player NIL in advertising on its social media accounts, including in posts encouraging users to place bets on featured Players and offering promotions for betting on featured Players. *Id.* ¶¶ 6, 36–37.

Underdog's use of Player images within its sportsbook platform is not merely informational—it is promotional and intended to trade on the Players' identities and drive traffic to Underdog's platform. *Id.* ¶¶ 7, 32–34. Indeed, users could bet that New York Mets' first baseman Pete Alonso will hit more than two home runs in a given game without seeing his valuable image. *Id.* ¶¶ 7, 31. And yet, Underdog uses images like Mr. Alonso's to promote the bet and encourage its users to place that bet. *Id.* ¶ 28. Underdog's (unlicensed) promotional use of Player images also stands in stark contrast to how it offers bets in several other professional sports like the National Football League, for which Underdog does not include player images. *Id.* ¶¶ 7, 34.

B.   **Procedural History**

On September 16, 2024, MLBPI sued Underdog and FanDuel in the Supreme Court of the State of New York, New York County, alleging a violation of New York State's right of publicity law (N.Y. Civ. Rights § 50). Dkt. 1-2. On September 23, 2024, MLBPI filed and served an Amended Complaint alleging the same state law claim. Dkts. 1-4, 1-5. As detailed therein, Underdog's above-described use of Player images on its sportsbook betting platform and use of

2

Player names and images in associated advertising, without a license for such use, is a flagrant violation of New York's right of publicity statute. Dkt. 1-5 ¶¶ 8, 41–49. Accordingly, MLBPI's claim seeks to recover damages and to prevent Underdog's further unlicensed and willful misappropriation of Players' names and identities. *Id*.

On October 18, 2024, FanDuel alone removed the action to this Court on the primary basis that MLBPI's state law claim is completely preempted by the Copyright Act such that this Court purportedly has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1338. Dkt. 1 ¶¶ 35, 38. To support its position, FanDuel relied upon several contracts—including several contracts that *FanDuel* (not MLBPI or Underdog) entered into with MLB—that are not cited or referenced in MLBPI's Amended Complaint and are not part of the claim MLBPI actually asserted. *Compare generally* Dkt. 1-5, *with* Dkt. 1 ¶¶ 8–21.[2] FanDuel further asserted in three throwaway paragraphs in its Notice of Removal that MLBPI's claim is also preempted under the Labor Management Relations Act ("LMRA"). Dkt. 1 ¶¶ 36–38.

Underdog did not join FanDuel's removal; rather, it merely "consented" to it and did not advance any of its own arguments supporting removal or the Court's exercise of subject matter jurisdiction. Dkt. 1 ¶ 41. Given that Underdog was served well over 30 days ago, its deadline for filing its own notice of removal has lapsed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal

---

[2] The contracts invoked in FanDuel's Notice of Removal include: (i) the MLBPA-MLB collective bargaining agreement (the "Basic Agreement") (Dkt. 1 ¶ 8); (ii) the MLBPA Use and Licensing Authorization Agreement ("ULA") (*id.* ¶ 12); (iii) an MLB Authorized Gaming Operator Parent Company Agreement between FanDuel and MLB Advanced Media ("Gaming Operator Agreement") (*id.* ¶ 14); (iv) an MLB License Agreement between FanDuel and MLB (*id.* ¶ 16); and (v) a Promotional Rights Agreement between FanDuel and MLB Advanced Media (*id.* ¶ 20). MLBPI is not a party to, and has never seen copies of, the Gaming Operator Agreement, MLB License Agreement, or Promotional Rights Agreement.

3

of a civil action or proceeding shall be filed within 30 days after . . . the service of summons upon the defendant.").[3]

On November 15, 2024, the parties submitted a stipulation dismissing with prejudice MLBPI's claim against FanDuel. Dkts. 22, 23.

MLBPI thereafter asked Underdog to stipulate to remand to avoid burdening the Court with this motion. MLBPI explained why Underdog had not and in any event could not establish that this Court possesses subject matter jurisdiction. Underdog informed MLBPI that it does not consent. When MLBPI attempted to confer further about the basis of Underdog's position, Underdog merely said "[t]he basis for removal is that your state law claim is preempted by the Copyright Act" and cited two cases from FanDuel's Notice of Removal with no further explanation.

### III.    LEGAL STANDARD

#### A.    Removal and Remand

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Notably, however, removal jurisdiction must be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). "Thus, the party seeking removal . . . bears the burden of establishing" that removal is proper. *Colacino v. Davis*, No. 19-cv-9648, 2020

---

[3] *See also Sara v. Talcott Resol. Life. Ins. Co.*, No. 21-cv-3094, 2022 WL 19182, at *3 (S.D.N.Y. Jan. 3, 2022) ("[I]n multi-defendant cases, 'Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons [] to file the notice of removal.'") (quoting 28 U.S.C. § 1446(b)(2)(B)).

WL 3959209, at *2 (S.D.N.Y. July 13, 2020); *see also McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). When a case is improperly removed, the "federal court *must* remand [it] to state court [because] it lacks subject matter jurisdiction." *Young v. Pfizer, Inc.*, No. 04-civ-6609, 2004 WL 2998517, at *1 (S.D.N.Y. Dec. 27, 2004) (emphasis added); *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87–88 (1991) ("Since the district court had no original jurisdiction over this case, . . . a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

### B.    Federal Question Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court has original jurisdiction over federal questions, 28 U.S.C. § 1331, and may also hear cases under the diversity jurisdiction granted in 28 U.S.C. § 1332.[4] As relevant here, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff did not plead any federal question.

As an exception to the well-pleaded complaint rule, courts assess whether a claim that is "pleaded in terms of state law[] is in reality based on federal law." *Rakowicz v. ABM Indus. Grps.*,

---

[4] Given that all parties in this case maintain their principal places of business in New York state, diversity jurisdiction does not apply. *See* Dkt. 1-5 ¶¶ 9–13; Dkt. 1 at 1.

5

*LLC*, No. 23-civ-9254, 2024 WL 3534407, at *2 (S.D.N.Y. July 25, 2024). In those cases, the preemptive force of a federal statute converts the state law claim "into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (citation omitted). While such cases provide federal courts with subject matter jurisdiction over the asserted claim, jurisdiction does *not* exist "when federal preemption might be invoked [merely] as a defense to liability." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citation omitted); *Gondolfo v. Town of Carmel*, No. 20-cv-9060, 2021 WL 431148, at *4 (S.D.N.Y. Feb. 8, 2021) (explaining that "[s]tate courts regularly determine" federal preemption defenses).

## IV. ARGUMENT

### A. This Court Does Not Have Jurisdiction Over MLBPI's Claim

As detailed below, remand is required because MLBPI has presented no federal question under the Copyright Act or the LMRA.

#### 1. MLBPI's Claim Against Underdog Is Not Preempted, and Underdog Has Not Attempted to Satisfy Its Burden of Proving Otherwise

Underdog has not asserted that this Court has jurisdiction over MLBPI's claim. Rather, when FanDuel removed this action, Underdog merely "consented" to it. Dkt. 1 ¶ 41; Dkt. 1-7. Underdog did not join in FanDuel's removal and did not attempt to make any demonstration of its own as to why this Court has jurisdiction over MLBPI's claim against it. Dkt. 1 ¶ 41; Dkt. 1-7.

Now that FanDuel has been dismissed from the action, it is *Underdog* that "has the burden of establishing jurisdiction." *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22-civ-7787, 2023 WL 2366975, at *4 (S.D.N.Y. Mar. 6, 2023); *see also Pan Atl. Grp., Inc. v. Republic Ins. Co.*, 878 F. Supp. 630, 638 (S.D.N.Y. 1995) ("[T]he burden of proving federal removal jurisdiction is on the party seeking to preserve removal, not the party moving for remand."). But

6

Underdog has made no such showing and *FanDuel's* Notice of Removal was predicated on arguments relating only to MLBPI's allegations against *FanDuel*. *See, e.g.*, Dkt. 1 ¶¶ 30–38.

Moreover, Underdog is differently situated than FanDuel. FanDuel's Copyright Act preemption argument was premised on contracts that *FanDuel* allegedly entered into with *MLB*. *See id.* ¶¶ 14–21 (describing agreements between the FanDuel and MLB that purportedly permit FanDuel to use copyrighted MLB player headshots). But there is no allegation or indication that *Underdog* was a party to any of these agreements and thus FanDuel's Copyright Act preemption theory does not even apply to Underdog. *See id.* ¶ 22 (explaining that FanDuel "lacks knowledge as to what, if any, agreements Underdog has entered into with MLB entities"). And since the 30-day statutory deadline to file a notice of removal has passed, Underdog cannot introduce new substantive arguments for removal. *See Arancio v. Prudential Ins. Co. of Am.*, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002) ("A notice of removal may not be untimely amended to add a new avenue of jurisdiction.") (internal citation omitted); *IKB Int'l S.A. v. JPMorgan Chase & Co.*, No. 12-cv-4617, 2014 WL 2933043, at *2 (S.D.N.Y. June 27, 2014) ("A defendant may not amend its notice of removal after th[e] thirty-day period to remedy a substantive defect in the petition [provided for under 28 U.S.C. § 1446(b)]."). The Court can stop its inquiry here and remand the action. *See Smith v. Anchor Packing Co.*, No. 08-civ-7219, 2008 WL 4899258, at *1 (S.D.N.Y. Nov. 12, 2008) (remanding where "the case was removed on the initiative of a single defendant" and "Plaintiffs' dismissal of that defendant eliminate[d] the sole basis for federal jurisdiction"); *see also Pensado v. Makhdomi*, No. 10-civ-7250, 2011 WL 1899717, at *2 (S.D.N.Y. May 12, 2011) (remanding "claims against the remaining defendants" once the removing defendants were dismissed because "the basis for removal no longer exists").

### 2. *Even If Underdog Had Advanced the Preemption Arguments that FanDuel Made, Those Arguments Would Still Fail*

MLBPI submits that even *if* Underdog were similarly situated to FanDuel, and even *if* it were not too late for Underdog to make the same arguments that FanDuel did in support of removal, remand would still be warranted.

*First*, MLBPI's claim is not preempted by the Copyright Act. In order for a state law claim to be preempted by the Copyright Act, it must both (1) "fall[] within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103"; and (2) "seek[] to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Red Apple Media, Inc. v. Batchelor*, No. 23-cv-10253, 2024 WL 1504439, at *4 (S.D.N.Y. Apr. 8, 2024) (citation omitted). Neither prong is satisfied here. As to the first prong, it is well established that "persona[s] and likeness[es]"—*i.e.*, what the right of publicity protects against unauthorized use of—"do *not* fall within the subject matter of copyright." *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10-cv-2333, 2013 WL 822173, at *14 (S.D.N.Y. Mar. 6, 2013) (emphasis added).[5] As for the second prong, because New York's right of publicity statute "contains the additional element of use of one's image for advertising or trade purposes without written consent, [] the nature of the action is nonequivalent [to a copyright claim] and the doctrine of preemption does not apply." *Molina v. Phx. Sound Inc.*, 747 N.Y.S.2d 227, 230–31 (N.Y. App. Div. 1st Dep't 2002).[6] MLBPI explicitly alleges that "Underdog uses MLB player

---

[5] *See also Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 909 (7th Cir. 2005) ("A persona . . . 'can hardly be said to constitute a "writing" of an "author" within the meaning of the copyright clause[.]'") (citation omitted); *Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d 619, 623 (6th Cir. 2000) (finding no preemption where defendant's toy "evoke[d] [plaintiff's] personal identity," which is "a right separate from those protected by the Copyright Act").

[6] *See also Hudson Furniture, Inc. v. Mizrahi*, No. 1:20-civ-04891, 2023 WL 6214908, at *11 n.7 (S.D.N.Y. Sept. 25, 2023) (similar); *Passelaigue v. Getty Images (US), Inc.*, No. 16-cv-1362, 2018 WL 1156011, at *6 (S.D.N.Y. Mar. 1, 2018) (similar); *Shepard v. European Pressphoto Agency*, 291 F. Supp. 3d 465, 471 (S.D.N.Y. 2017) (explaining that in order for a state claim to be preempted by the Copyright Act, the claim "must not include any extra elements that make it qualitatively different from a copyright infringement claim").

8

names and images in advertising for its sportsbook platform," including in social media posts that feature edited photos of popular MLB players and offer customers deals if they place bets on that specific Player. Dkt. 1-5 ¶ 36; *see also id.* ¶¶ 37–38. That use alone makes MLBPI's claim qualitatively different from a copyright infringement claim, such that it cannot be preempted by the Copyright Act. *See Yantha v. Omni Childhood Ctr., Inc.*, No. 13-cv-1948, 2013 WL 5327516, at *8 (E.D.N.Y. Sept. 20, 2013).

The two cases that Underdog lifted from FanDuel's Notice of Removal and cited in its email to MLBPI as the basis on which it declined to consent to remand have nothing to do with the New York right of publicity statute. *See In re Jackson*, 972 F.3d 25, 25 (2d Cir. 2020) (analyzing a right of publicity claim under *Connecticut law*); *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (merely reciting the standard for Copyright Act preemption). And even if *Jackson* were applicable, that case makes clear that the Copyright Act *does not* preempt right of publicity claims alleging the use of a name, image, or likeness in a manner that falsely suggests endorsement, sponsorship, or approval of the defendant or its product. *See Jackson*, 972 F.3d at 37–47 (explaining that preemption does not apply to right of publicity claims that "vindicate substantial state law interests," such as in situations where "a defendant exhibits an image or representation of the plaintiff embodied in a copyrighted work in a manner that appears to communicate a message that the plaintiff endorses the defendant's service or product").

*Second*, MLBPI's claim is not preempted by the LMRA—an afterthought barely articulated in FanDuel's Notice of Removal and not articulated by Underdog at all.[7] Under the LMRA, "federal labor law supplants state law" in cases where state law claims "substantially depend[]

---

[7] Based on the one-sentence email that Underdog's counsel sent to MLBPI's counsel about its opposition to remand, MLBPI assumes that Underdog will not argue for LMRA preemption, but given the lack of clarity, MLBPI briefly addresses LMRA preemption.

9

upon" or are "inextricably intertwined with" an "analysis of the terms of a collective-bargaining agreement." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 202–21 (1985). Here, MLBPI's well-pleaded allegations have *nothing to do* with the MLBPA's collective bargaining agreement with MLB (*i.e.*, the Basic Agreement). *Contra* Dkt. 1 ¶¶ 36–37. MLBPI's "allegations d[id] not rely on – let alone address – the CBA." *Medina v. Waste Connections of N.Y.*, No. 19-cv-291-RA, 2019 WL 5593307, at *2–3 (S.D.N.Y. Oct. 29, 2019) (remanding). In such cases, LMRA preemption is inapplicable, and the plaintiff's well-pleaded claim must be remanded to state court. *See, e.g.*, *Chu v. Chinese-Am. Plan. Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 227–29 (S.D.N.Y. 2016) (remanding where "the Court independently conclude[d] that the [CBA] provisions that [defendant] identifie[d] need not be resolved at all to adjudicate any of plaintiffs' claims, and therefore cannot serve as the basis for LMRA preemption."); *see also Okeke v. N.Y. & Presbyterian Hosp.*, 275 F. Supp. 3d 470, 486 (S.D.N.Y. 2017) (remanding state law claim where the "complaint makes absolutely no mention of the CBA").

In short, MLBPI's allegations against Underdog unquestionably fall directly within the rights protected under New York Civil Rights Law §§ 50 and 51. There can be no dispute that MLBPI's claim against Underdog is not preempted by federal law.

### B. Even If This Court Ever Had Subject Matter Jurisdiction Over the Now-Dismissed Claim Against FanDuel (It Did Not), the Court Should Exercise Its Discretion to Remand MLBPI's Claim Against Underdog

Even if this Court concludes that it had federal question jurisdiction based on MLBPI's now-dismissed claim against FanDuel, the Court should exercise its discretion to decline supplemental jurisdiction over MLBPI's claim against Underdog and remand the case to MLBPI's chosen venue in state court. Since Underdog did not assert any basis for federal question jurisdiction, this Court can only have supplemental jurisdiction over MLBPI's claim against Underdog under 28 U.S.C. § 1367(a), which grants district courts supplemental jurisdiction over

10

state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014). But because the claim that purportedly gave rise to subject matter jurisdiction here has been "eliminated at an early stage of the litigation, the [] Court has a powerful reason to choose ***not*** to continue to exercise jurisdiction." *Id.* at 328–29 (citation and internal quotations omitted) (emphasis added). Given that this case was removed only one month ago, with minimal investment of this Court's resources and only state law claims remaining, remand would be proper even if supplemental jurisdiction ever existed. *See, e.g.*, *Smith*, 2008 WL 4899258, at *3 (remanding where claims against removing defendant were dismissed "before this Court had invested any resources in the case, and all that remain in the case are state-law claims and state-law defenses" against remaining defendant).

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this case be remanded to state court.

Dated:  November 18, 2024          By:      */s/ Jeffrey L. Kessler*
                                                         **WINSTON & STRAWN LLP**
                                                         Jeffrey L. Kessler
                                                         David L. Greenspan
                                                         Robert S. Pannullo (*appearance forthcoming*)
                                                         200 Park Avenue
                                                         New York, NY 10166-4193
                                                         Telephone: (212) 294-4700
                                                         jkessler@winston.com
                                                         dgreenspan@winston.com
                                                         rpannullo@winston.com

                                                         Diana H. Leiden (*pro hac vice*)
                                                         333 S. Grand Avenue
                                                         Los Angeles, CA 90071-1543
                                                         Telephone: (213) 615-1700
                                                         dhleiden@winston.com

                                                         *Counsel for Plaintiff MLB Players Inc.*

11